# Exhibit G

```
1  CALIFORNIA CONSUMER ATTORNEYS, P.C.
   Michael H. Rosenstein (SBN 169091)
2  mhr@calattorneys.com
   1800 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 872-2600
4  Facsimile: (310) 730-7377
5
   Attorneys for Plaintiffs,
6  ANDREW PARKER AND JASMINE LEESE
```

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN DIEGO

| | |
|---|---|
| ANDREW PARKER, an individual, and JASMINE LEESE, an individual, | Case No.: 37-2019-00054523-CU-BC-CTL<br>Unlimited Jurisdiction |
| Plaintiffs, | COMPLAINT |
| vs. | 1. VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY |
| FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, | 2. VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY |
| Defendants. | 3. VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2(b) |
| | 4. VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.22—TANNER CONSUMER PROTECTION ACT |

VIA FAX

-1-
COMPLAINT

1  Plaintiffs, ANDREW PARKER, an individual, and JASMINE LEESE, an individual, allege
2  as follows against Defendants FORD MOTOR COMPANY, a Delaware Corporation ("Ford"), and
3  DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under
4  the circumstances:

## DEMAND FOR JURY TRIAL

6  1. Plaintiffs, Andrew Parker and Jasmine Leese, hereby demand trial by jury in this
7  action.

## GENERAL ALLEGATIONS

9  2. Plaintiffs, Andrew Parker and Jasmine Leese, are individuals residing in the City of
10 Oceanside, State of California.

11 3. Defendant Ford is and was a Delaware Corporation operating and doing business in
12 the State of California.

13 4. These causes of action arise out of the warranty obligations of Ford in connection
14 with a vehicle purchased by Plaintiffs and for which Ford issued a written warranty.

15 5. Plaintiffs do not know the true names and capacities, whether corporate, partnership,
16 associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under
17 the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through
18 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth
19 herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set
20 forth the true names and capacities of the fictitiously named Defendant, together with appropriate
21 charging allegations, when ascertained.

22 6. All acts of corporate employees as alleged were authorized or ratified by an officer,
23 director, or managing agent of the corporate employer.

24 7. Each Defendant, whether actually or fictitiously named herein, was the principal,
25 agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or
26 within the course and scope of such employment or agency, took some part in the acts and omissions
27 hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for
28 herein.

8. On October 12, 2016, Plaintiffs purchased a used 2016 Ford Focus, having VIN No. 1FADP3N25GL339974 ("the Subject Vehicle"). Express warranties accompanied the sale of the Subject Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance.

9. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to severe transmission issues that manifest as vehicle vibrations, shaking, jolting, hesitation, and other nonconformities.

10. Plaintiffs hereby revoke acceptance of the sales contract.

11. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

12. Plaintiffs are a "buyer" of consumer goods under the Act.

13. Defendant Ford is a "manufacturer" and/or "distributor" under the Act.

14. Plaintiffs hereby demand trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

16. Plaintiff incorporates herein by reference, each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17. Express warranties accompanied the sale of the vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance.

18. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to severe transmission issues that manifest as vehicle vibrations, shaking, jolting, hesitation, and other nonconformities.

19. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

1  Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

20. Plaintiffs are the "buyer" of consumer goods under the Act.

21. Defendant Ford is a "manufacturer" and/or "distributor" under the Act.

22. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

23. Plaintiffs delivered the vehicle to an authorized Ford repair facility for repair of the nonconformities.

24. Defendant was unable to conform Plaintiffs' vehicle to the applicable express after a reasonable number of repair attempts.

25. Notwithstanding Plaintiffs' entitlement, Defendant Ford has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

28. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

30. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for Ford's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

31. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

32. Ford and its authorized dealership at which Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

33. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

34. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

35. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

36. The Subject Vehicle was not of the same quality as those generally acceptable in the trade because it was sold with one or more defective vehicle systems/components which manifest as vehicle vibrations, shaking, jolting, hesitation, and other nonconformities.

37. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

38. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*;

39. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

40. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

41. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

42. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover"

1  damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

43. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical system.

48. Plaintiffs delivered the subject vehicle to Ford's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to a nonconformities to the express warranties that accompanied the sale of the subject vehicle.

49. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and Ford has failed to tender the subject vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*;

51. Plaintiffs hereby revoke acceptance of the subject vehicle.

52. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Ford has willfully failed to comply with its responsibilities under the Act.

## FOURTH CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.22—Tanner Consumer Protection Act**

57. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

58. Pursuant to the Tanner Consumer Protection Act, Civil Code sections 1793.22 et seq., a reasonable number of attempts have been made to confirm the vehicle to the applicable express warranties within 18 months from delivery to Plaintiffs.

59. Pursuant to the Tanner Consumer Protection Act, Civil Code sections 1793.22 et seq., a reasonable number of attempts have been made to confirm the vehicle to the applicable express warranties within 18,000 miles on the odometer of the vehicle.

60. In the first 18 months/18,000 miles Plaintiffs has owned the vehicle Ford has been given sufficient repair opportunities under Civil Code section § 1793.22 (b)(1), (b)(2), and/or (b)(3); but failed to conform the vehicle to warranty. Plaintiffs hereby assert the presumption that Ford has been given a reasonable number of repair attempts and/or days to conform this vehicle to the warranty under Civil Code section § 1793.22 (b)(1), (b)(2), and/or (b)(3).

61. The same nonconformity or nonconformities resulted in a condition or conditions likely to cause death or serious bodily injury if the vehicle is driven and the nonconformity has been

-7-

COMPLAINT

1 subject to repair two or more times by the manufacturer its agents.

2     62.    The same nonconformity has been subject to repair four or more times by the manufacturer or its agents.

    63.    Defendant did not conform the Subject Vehicle to warranty within the paraments set forth in 1793.22.

    64.    Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, et seq;

    65.    Plaintiffs hereby revoke acceptance of the subject vehicle.

    66.    Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq.

    67.    Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, et seq. and Commercial Code, section 2711.

    68.    Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, et seq.

    69.    Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 et seq and Commercial Code sections, 2711, 2712, and 2713 et seq.

    70.    Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Ford has willfully failed to comply with its responsibilities under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs and expenses of suit; and

-8-

COMPLAINT

8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 15, 2019

CALIFORNIA CONSUMER ATTORNEYS, P.C.

Michael H. Rosenstein, Esq.
Attorneys for Plaintiffs,
ANDREW PARKER AND JASMINE LEESE

Plaintiffs, ANDREW PARKER AND JASMINE LEESE, hereby demand trial by jury in this action.